# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**TIMOTHY MATTHEW MASTERS**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:15-MJ-74

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in   18 USC 2251

  ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 32-year-old divorced male with one son, age 8, and he is unemployed. He does not live with his son, although he has regular contact. Defendant owes $2,000 in child support. He has no permanent residence although he could probably live with his mother, once her daughter and son-in-law and two minor children move out, and her mother's boyfriend relinquishes his firearms. Defendant states he has no current substance abuse issues (although he has said he gets "stoned," infra), and is in good health. He has no criminal arrest history. Pretrial Services recommends defendant be released with substantial conditions; however, the pretrial office is not allowed to consider the (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that there is no condition or combination of conditions that will assure the safety of the community based upon the unrebutted presumption. Alternatively, even if the presumption were considered rebutted, I find the testimony at the hearing is sufficient to show by clear and convincing evidence that there is no condition or combination of conditions that will assure the safety of the community. Defendant's behavior is totally unacceptable in our society, (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 20, 2015

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:15-mj-00074-HWB ECF No. 11 filed 04/21/15 PageID.21 Page 2 of 2

United States v. **TIMOTHY MATTHEW MASTERS**
1:15-MJ-74
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

nature of the charges in making their recommendation.

The evidence at the hearing showed that the defendant has a sexual fixation with pre-pubescent females around the age of 10 or 11 years old. He admitted taking a picture of such a child using his right hand to expose her pubic area in a lascivious manner and then photographing a close-up of her naked vagina. This picture was attached to an email sent to his brother, who has since received a 50-year-sentence on federal charges of child sexual exploitation.

There was additional evidence that Tim Masters also exchanged child pornography with his brother, and that he would try to fondle little girls when he could get away with it, when they were sleeping or playing with him. Defendant also admitted to having a fascination with little girls' used panties ("don't know why but I have a fetish when it comes to girls' used underwear") and produced 15 to 20 pair that he had collected from two minors.

Defendant also fantasized in an email about painfully raping a little girl who was an acquaintance, but he was afraid of getting caught. Defendant has also used his son as an excuse to hang out with the little girl involved in his fantasy at "movie night".

Significantly, defendant's incarcerated brother felt defendant was not only someone he could share child pornography with but was someone who would be a willing participant in producing it. An email conversation between the two is revealing: In one of the emails in which Eric Masters attached to a child pornography video of Minor 2, he wrote to Timothy Masters: "I was wondering where you were last night. I figured you would be coming up to get a feel. Help me with taking some pictures. But you never showed." Timothy Masters replied, "I was stoned out of my gourd thanks to jim," to which Eric Masters responded with a lengthy description of his sexual abuse of the minor female. As part of this response, Eric Masters also noted, "I was going to come get you when I woke up," and he complained about how difficult it was "to use one hand to do that and the other to take a pic. Need you for either playing with her ass or pussy/exposing her so I can do either a video or picture."

**Part II - Written Statement of Reasons for Detention** - (continued)

notwithstanding defendant's apparent candor in relating to the FBI what he has done. Whether defendant's casual acceptance of his sexual fixation with pre-pubescent females is due to his inability to recognize the true wrongfulness of such conduct, or is due to his inability to control it, the Court is not aware of any conditions that would allow him to be released on the street without posing a danger to the community.